PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ROSE MARTINCIC, | ) | |
| | ) | CASE NO.  1:23-CV-628 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | [Regarding ECF No. 11] |

On February 2, 2024, the assigned magistrate judge issued a Report and

Recommendation affirming the Commissioner's final decision regarding Plaintiff's application

for Supplemental Security Income benefits.  *See* ECF No. 10.  Plaintiff timely filed an objection

to the Report and Recommendation.  *See* ECF No. 11.  The Commissioner filed a response to

Plaintiff's objection.  *See* ECF No. 12.  For the reasons stated below, the Court overrules

Plaintiff's objection and adopts the magistrate judge's Report and Recommendation (ECF No.

10), affirming the Commissioner's final decision.

## I.    Background

In December 2020, Plaintiff Mary Rose Martincic filed an application for Supplemental

Social Security Income ("SSI"), alleging a disability onset date of October 3, 2020.  ECF No. 5

at PageID #: 40.  After her application was denied, Plaintiff requested a hearing for

reconsideration, which occurred on February 4, 2022.  ECF No. 5 at PageID #: 40.  On May 15,

2022, the ALJ found that Plaintiff was not disabled.  ECF No. 5 at PageID #: 54.  On January 23,

(1:23-CV-628)

2023, the Appeals Council declined Plaintiff's request for further review, making the ALJ's

denial of benefits the Agency's final decision.  ECF No. 5 at PageID #: 24.

Plaintiff then filed her Complaint before the Court.  *See* ECF No. 1.  The Report and

Recommendation issued by the magistrate judge addressed Plaintiff's assignment of error.

Ultimately, the magistrate judge held that that ALJ's residual functional capacity ("RFC") is

supported by substantial evidence and Plaintiff has not identified an error in the ALJ's

assessment.  ECF No. 10 at PageID #: 728.

Following the issuance of the magistrate judge's Report and Recommendation, Plaintiff

timely raised an objection asserting that the magistrate judge erred in finding that the ALJ

properly evaluated and considered the opinion of Dr. Ramella.  ECF No. 11 at PageID #: 731.

The Commissioner of Social Security Administration responded, requesting that the Court

overrule Plaintiff's objection.  *See* ECF No. 12.

## II.     Standard of Review

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of

those portions of a Report and Recommendation to which the parties have made an objection.  28

U.S.C. § 636(b)(1)(C).  Parties must file any objections to a Report and Recommendation within

fourteen days of service.  *Id*.; Fed. R. Civ. P. 72(b)(2).  Objections to the Report and

Recommendation must be sufficiently specific to focus the court's attention on contentious

issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The

primary issue then becomes "whether [the Commissioner's] decision is supported by substantial

evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r of Soc. Sec.*, 486

F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).  A court's review of the

Commissioner's decision in the case at bar is limited to determining whether substantial

(1:23-CV-628)

evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence exists when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers may go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

### III.    Discussion

### A.

Plaintiff objects to the magistrate judge's Report and Recommendation, arguing that the magistrate judge erred in determining that ALJ's decision was supported by substantial evidence because the ALJ failed to include Plaintiff's need for an assistive device. *See* ECF No. 11 at PageID #: 732. Plaintiff argues that the Court may consider whether the ALJ's opinion

3

(1:23-CV-628)

"evaluated the medical evidence with sufficient rigor to indirectly attack a treating source opinion and thereby satisfy the tenor of the treating source regulation." ECF No. 11 at PageID #: 731.  Plaintiff identifies that the treating physician reported Plaintiff's need for a cane; therefore, contrary to the Report and Recommendation, "the record provided evidence documenting Plaintiff's need for a cane." ECF No. 11 at PageID #: 732.  Additionally, Plaintiff argues the Report and Recommendation fails to discuss and/or apply Social Security Ruling 96-9p. ECF No. 11 at PageID #: 732.

A treating physician's opinion is given "controlling weight," if the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).  The ALJ is required to provide "good reasons" for the weight given to a treating physician's opinion. *Id.*  If the ALJ does not attach controlling weight to the treating physician's opinion, then the ALJ must apply certain factors to assign weight to the opinion. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 660 (6th Cir. 2009).  The factors include the length and frequency of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source. *Id.*  The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c.

The record reveals that the ALJ was presented with and considered the opinion of, Dr. Ramella.  In the written decision, the ALJ stated:

> On December 30, 2021, Aman Ramella, MD, completed a form entitled "Physical Medical Source Statement." Dr. Ramella reported that he had been seeing the claimant every three months for three years for treatment of rheumatoid arthritis and COPD. He said that she experiences joint pain and swelling in the knees, ankles, and wrist, as well as shortness of breath on minimal exertion. As for her physical capabilities, Dr. Ramella opined that

4

(1:23-CV-628)

the claimant can sit for up to 30 minutes at one time and stand for up to 10 minutes at one time but can do a combination of those activities no more than two hours in an eight-hour workday. He further opined that the claimant needs to include periods of walking around during an eight-hour workday and estimated that every five minutes she must walk for about five minutes said that the claimant requires unscheduled breaks every two hours lasting 30 minutes, and should elevate her legs. He said that she could lift 10 pounds rarely and less than 10 pounds frequently, and has limitation to reaching, handling, and fingering no more than 50% of the time. He opined that she requires the use of an ambulation aid. Finally, Dr. Ramella opined that the claimant would be likely to be off-task during the workday 25% or more and incapable of even "low stress" work. (Exhibit 15F).

Dr. Ramella's opinion is not persuasive, for several reasons. First of all, while his treatment notes and those of Dr. Diab adequately document the findings of joint pain and swelling, as well as occasional shortness of breath, *there is no documentation of difficulty walking or standing, use of an ambulation aid, or medical advice to elevate her legs*. In fact, treatment records show that she has no more than minimal edema. Finally, Dr. Ramella's notes do not document the claimant having any difficulty maintaining attention or concentration, difficulty performing activities of daily living, nor any sign that she has difficulty managing stress. He is not trained as a mental health specialist and therefore is not qualified to draw any conclusion about the claimant's ability to manage stress, particularly in the absence of any observations of such in his own or other treating professionals' clinical notes.

ECF No. 5 at PageID #: 52 (emphasis added).

The ALJ, providing good reasons, articulated why Dr. Ramella's opinion was not persuasive.  The ALJ noted that, in the "Physical Medical Source Statement", the treating physician opined that Plaintiff required the use of an ambulation aid.  ECF No. 5 at PageID #: 52.  The ALJ continued, explaining that Dr. Ramella's opinion fails to align with Dr. Ramella's and Dr. Diab's treatment notes.  ECF No. 5 at PageID #: 52.  Dr. Ramella and Dr. Diab documented findings of joint pain and swelling and occasional shortness of breath, but the record lacks documentation of difficulty walking or standing or the use of a cane.  ECF No. 5 at PageID #: 52.  Dr. Ramella's opinion in the "Physical Medical Source Statement" is inconsistent with the record and, as a result, his opinion lacks support from the record.

5

(1:23-CV-628)

Regarding Plaintiff's argument about Social Security Ruling 96-9, the Sixth Circuit has explained

> Social Security Ruling 96-9p holds that an ALJ should "find that a hand-held assistive device is medically required," only where there is "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (*i.e.*, whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information."

*Jones v. Comm'r of Soc. Sec.*, 815 F. App'x 926, 931 (6th Cir. 2020).  Plaintiff relies solely on Dr. Ramella's "Physical Medical Source Statement" to establish she requires a cane, but she provides no medical records establishing that the cane was medically necessary or the specific circumstances under which she needs it.  The ALJ, detailing Plaintiff's medical history, noted the record alternatively contains physical examination findings of a normal gait.  ECF No. 5 at PageID #: 51.  The ALJ acknowledged Plaintiff's statements she uses a cane but remarked Plaintiff's statements are unsupported by the records.  ECF No. 5 at PageID #: 51.  Accordingly, the Court finds that the ALJ provided good reasons why Dr. Ramella's opinion was not given controlling weight and that the ALJ did not err in failing to include the use of a cane in the RFC.[1]

The Court finds that substantial evidence supports the ALJ's evaluation of Dr. Ramella's opinion.  The Court also finds that Plaintiff's medical history and treatment records substantially support the ALJ's determination that Plaintiff has "the residual functional capacity to perform

---

[1] *See Fields v. Comm'r of Soc. Sec.,* No. 1:23-CV-00035-SL, 2023 WL 8099368, at *12 (N.D. Ohio Nov. 3, 2023), *report and recommendation adopted,* No. 1:23-CV-35, 2023 WL 8086787 (N.D. Ohio Nov. 21, 2023) (holding while providers noted Claimant's use of a cane, Claimant provided no records showing a cane was medically necessary. Additionally, records revealed Claimant was observed with normal gait.  "Therefore, the ALJ did not err in failing to include the use of a cane in the RFC and the RFC is supported by substantial evidence.")

(1:23-CV-628)

light work with additional limitations." ECF No. 5 at PageID #: 47.  The ALJ's conclusion is within a zone of choice supported by the record.

**B.**

Plaintiff raised an improper objection.  Plaintiff's Merits Brief raised the same argument as the objection, and it was considered by the magistrate judge.  ECF No. 10 PageID #: 724-728.  The magistrate judge evaluated the ALJ's conclusion of Dr. Ramella's opinion, and whether the opinion was supported by other evidence in the record.  ECF No. 10 at PageID #: 724.  *See, e.g.,* *Davenport v. Comm'r of Soc. Sec.*, No. 1:19CV1206, 2020 WL 5569620, at *2 (N.D. Ohio Sept. 17, 2020) (rejecting plaintiff's objections because her objections simply restate arguments presented to the magistrate judge); *Austin v. Comm'r of Soc. Sec.*, No. 1:19-CV-2380, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (recognizing objections that do "nothing more than restate an argument previously presented [and] a disagreement with [the] magistrate judge's suggested resolution" are equivalent to a failure to object).

In sum, because the magistrate judge considered Dr. Ramella's opinion and the issue had been raised before the magistrate judge who opined on it, the objection is overruled.

**Conclusion**

For the reasons stated above, Plaintiff's objection (ECF No. 11) is overruled.  The Report and Recommendation (ECF No. 10) is adopted.  Judgment will be entered in favor of Defendant.


IT IS SO ORDERED.


March 7, 2024                                        /s/ Benita Y. Pearson
Date                                                     Benita Y. Pearson
                                                          United States District Judge

7